Cummings and Lockwood *v.* Richard E. Gray et al.
(10029)

Lavery, Landau and Heiman, Js.

Argued October 3—decision released December 24, 1991

*F. Timothy McNamara,* for the appellants (defendants).

*Charles F. Brower,* for the appellee (plaintiff).

HEIMAN, J. The defendants appeal from the trial court's summary judgment in favor of the plaintiff on both the complaint and the defendants' counterclaim.

The defendants assert that the trial court improperly granted summary judgment in favor of the plaintiff on (1) the complaint because of the defendants' failure to answer the plaintiff's requests for admissions despite the defendants' claim that they did not receive the requests, and (2) on the defendants' counterclaim even though the subject matter of the requests for admissions was not material to the counterclaim. We affirm the trial court's summary judgment on the complaint, and reverse the summary judgment on the counterclaim.

The pertinent facts may be summarized as follows. The defendants are Richard E. Gray, a member of the New York bar, and Chariot Holdings, Ltd., a Delaware corporation of which Gray is the chief executive officer. The plaintiff is a Connecticut law firm. In 1986, the defendants retained the plaintiff to represent them in certain commercial litigation in Connecticut. The plaintiff entered upon its representation of the defendants, and, ultimately, a dispute arose between the parties. The plaintiff commenced this action to recover $105,141.66 that the defendants allegedly owed it for services rendered.

The complaint contained a single count alleging that the plaintiff performed legal services for the defendants in accordance with a retainer agreement between the parties, that the reasonable value of the services was $105,141.66 and that the defendants failed, despite the plaintiff's proper demand for payment, to compen-

sate the plaintiff fully for the services rendered. The defendants' answer admitted that Gray paid the plaintiff $46,175.86 but denied that the defendants owed the plaintiff any additional payment. The defendants also filed special defenses claiming that the services rendered by the plaintiff were valueless and that the plaintiff's bill was excessive. In addition, the defendants filed a counterclaim against the plaintiff seeking damages for the plaintiff's alleged legal malpractice. The plaintiff denied the allegations of the special defenses and filed an answer and special defense to the counterclaim. The gravamen of the plaintiff's special defense was that the counterclaim was not instituted in good faith.

The plaintiff also filed requests for admissions asking Gray to admit that (1) he retained the plaintiff to represent the defendants, (2) the plaintiff performed legal services on the defendants' behalf, (3) the reasonable value of the services rendered was $105,141.66, and (4) he paid the plaintiff only $46,175.86. The defendants did not respond to the requests for admissions as required by Practice Book § 239.[1]

After the pleadings were closed, the plaintiff filed a motion for summary judgment supported by an affidavit signed and sworn to by Eric W. Weichmann, a partner in the plaintiff law firm. The affidavit averred that Weichmann had personal knowledge that the defendants retained the plaintiff to provide legal representation to them in connection with certain litigation, that the plaintiff performed legal services for the defendants in accordance with the retainer, that the plaintiff billed the defendants $105,141.66, and that the

[1] Practice Book § 239 provides in pertinent part: "Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Section 238 (b) . . . the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."

defendants paid only $46,175.86 of the bill. The plaintiff also submitted a copy of the requests for admissions, and claimed that because the defendants failed to respond to the requests, they were deemed admitted.

The defendants did not file an affidavit responding to the factual claims set forth in the Weichmann affidavit. Rather, they filed an affidavit, signed by the defendant Gray, that claimed that he did not receive the requests for admissions until approximately three months after they were allegedly mailed. The plaintiff filed a counteraffidavit signed by a secretary employed by the plaintiff's attorney claiming that the requests were mailed to Gray on August 14, 1990, and that she received neither the envelope nor anything else back from the postal service indicating nondelivery of the requests for admission.

The trial court granted the plaintiff's motion for summary judgment, and rendered judgment in favor of the plaintiff on both the complaint and the defendants' counterclaim. This appeal followed.

I

The defendants first claim that the court improperly granted the plaintiff's motion for summary judgment on the basis of the defendants' failure to answer the requests for admissions, despite the defendants' contention that they did not receive the requests. We disagree.

Under our rules of practice, any party may move for summary judgment once the pleadings in a case are closed. Practice Book § 379. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits . . . written admissions and the like." Practice Book § 380. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof sub-

mitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. The party seeking summary judgment bears the burden of showing the nonexistence of any material fact. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* 219 Conn. 772, 781, 595 A.2d 334 (1991); *D.H.R. Construction Co.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980). A material fact is one that "will make a difference in the result of the case." *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 379, 260 A.2d 596 (1969); *Na-Mor* v. *Roballey,* 24 Conn. App. 215, 217, 587 A.2d 427 (1991).

Once the moving party has filed the appropriate documents, the party opposing the motion "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." *Strada* v. *Connecticut Newspapers, Inc.,* 193 Conn. 313, 317, 477 A.2d 1005 (1984); *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* supra. The mere presence "of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." *Farrell* v. *Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980). Rather, "the defendant must recite specific facts . . . which contradict those stated in the plaintiff's affidavits and documents." Id., 39–40. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. *Batick* v. *Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1982)." (Citations omitted; internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates,* supra, 781; *Connell* v. *Colwell,* 214 Conn. 242, 246–47, 571 A.2d 116 (1990).

The Weichmann affidavit satisfied the plaintiff's burden of establishing the nonexistence of any material issue of fact. The affidavit established that the defendants retained the plaintiff to represent them in a lawsuit, that the plaintiff performed legal services for the defendants at their request, that the plaintiff expected to be compensated in the ordinary course of business and that the defendants failed, despite a proper demand for payment, to pay the bills rendered by the plaintiff. These facts, if uncontroverted, were sufficient to establish the defendants' liability to the plaintiff. The plaintiff, by presenting evidence in support of its motion for summary judgment, cast on the nonmoving party the duty of demonstrating the existence of a genuine issue of material fact together with evidence disclosing the existence of that issue. *Connecticut Bank & Trust Co. v. Carriage Lane Associates,* supra.

The defendants failed to meet this obligation. Rather than filing an affidavit showing that an issue of material fact existed as to the plaintiff's claim, the defendants limited their response to the issue of whether they had received the plaintiff's requests for admissions. The claimed nonreceipt of the requests for admissions was not a material fact for the purpose of the plaintiff's motion for summary judgment, however, because it was not a fact that would change the outcome of the case. *United Oil Co. v. Urban Redevelopment Commission,* supra; *Na-Mor, Inc. v. Roballey,* supra. Even if the claim of nonreceipt set forth in Gray's affidavit is true, the trial court would have been obligated to render summary judgment in favor of the plaintiff because the defendants did not contradict the allegations contained in the Weichmann affidavit. These allegations, standing alone, were sufficient to require summary judgment. See Practice Book § 384.

In light of this, we need not decide whether the trial court improperly based its granting of the motion for summary judgment on the defendants' failure to

respond to the requests for admissions. "[T]his court is authorized to rely upon alternative grounds supported by the record to sustain a judgment." *Pepe* v. *New Britain,* 203 Conn. 281, 292, 524 A.2d 629 (1987). "Even if we were to have concluded that the trial court based its judgment on erroneous grounds, we would properly affirm the judgment 'if the same result is required by law.' *A & H Corporation* v. *Bridgeport,* 180 Conn. 435, 443, 430 A.2d 25 (1980); *Morris* v. *Costa,* 174 Conn. 592, 597–98, 392 A.2d 468 (1978)." *Pepe* v. *New Britain,* supra.

## II

The defendant next asserts that the trial court improperly rendered summary judgment in favor of the plaintiff on the counterclaim. We agree.

A court may not grant summary judgment sua sponte. *Booth* v. *Flanagan,* 19 Conn. App. 413, 415, 562 A.2d 592 (1989); see Practice Book § 384; *Booth* v. *Flanagan,* 23 Conn. App. 579, 580, 583 A.2d 148 (1990), appeal dismissed, 220 Conn. 453, 599 A.2d 380 (1991). The issue first must be raised by the motion of a party and supported by affidavits, documents or other forms of proof. *Booth* v. *Flanagan,* supra, 19 Conn. App. 415. Further, "any party may move for summary judgment upon any counterclaim . . . as if it were an independent action." Practice Book § 379. Because a counterclaim is a separate and distinct action; Practice Book § 379; *Home Oil Co.* v. *Todd,* 195 Conn. 333, 341, 487 A.2d 1095 (1985); a party seeking summary judgment on both a complaint and a counterclaim must file an appropriate motion addressed to each. See Practice Book § 379.

Here, the plaintiff moved for summary judgment on the complaint only.[2] As a result, the trial court was

[2] The motion for summary judgment states: "The Plaintiff in the above captioned matter claims that there is no genuine issue of material fact in the Complaint and moves for a Summary Judgment for the following reasons . . . ."

without the authority to render summary judgment on the counterclaim. *Booth* v. *Flanagan,* supra, 19 Conn. App. 415.

We note that the defendants do not assert the absence of a separate motion for summary judgment on the counterclaim as the basis on which they seek reversal of the trial court's ruling. Nonetheless, the trial court's failure to follow this clearly applicable rule constituted plain error and requires reversal. See Practice Book § 4185; *Burke* v. *Ruggerio,* 24 Conn. App. 700, 708, 591 A.2d 453 (1991).

On the basis of our resolution of this issue, we do not address the defendants' claim that the trial court also improperly premised its ruling on the defendants' failure to respond to the plaintiff's requests for admissions.

The judgment on the complaint is affirmed. The judgment on the defendants' counterclaim is reversed and the case is remanded for further proceedings on the counterclaim.

In this opinion the other judges concurred.