[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, Cellu Tissue Corporation, and two of its directors, William Dodenhoff and Dana Mead, have moved for summary judgment in this action by Richard W. O'Brien and Sebastian C. Lisi, for wrongful discharge, violation of the terms of a stock redemption agreement, and related causes of action.
The criteria for the granting of summary judgment were reiterated just last week by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-97, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (iii) a material fact is one that will make a difference in the outcome of the case; (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such a fact.
Lisi was an employee of defendant Cellu Tissue Corporation (Cellu Tissue), and O'Brien was either an outside consultant or also an employee, depending on whether one believes the plaintiffs or the defendants. In any event, Dodenhoff owned approximately 75% of the stock, and the two plaintiffs each owned 8%. In 1989 the Board of Directors, consisting of Dodenhoff and two outside directors, decided to attempt to sell the corporation to another group, Bristol Investment Partners. The defendants claim that the two plaintiffs torpedoed or scuttled the proposed sale for their own personal financial reasons. Thereafter the board terminated the employment of O'Brien and Lisi, and purported to redeem their stock at the same price the two plaintiffs had originally paid for their shares. This suit followed, as did a companion case in which these defendants are the plaintiffs and O'Brien and Lisi are defendants.[1]
The defendants claim in their motion for summary judgment that the CT Page 698 Delaware business judgment rule insulates the corporation and its directors from liability for terminating the employment of O'Brien and Lisi, and in redeeming their stock pursuant to a stock redemption agreement.[2] They also claim that Dodenhoff cannot be held personally liable to the plaintiffs because he had just one of three votes on the board, and the other two were outside directors.
The plaintiffs assert, and I agree with them, that there are genuine issues of material fact that cannot be resolved by way of a summary judgment. There is an issue whether the parties intended that the stock redemption agreement provided that O'Brien and Lisi could not be terminated except for cause, which was defined as fraud, dishonesty or other deliberate injury to the corporation. Intention is quintessentially an issue of fact. Finley v. Aetna Life Casualty, 202 Conn. 190, 199,520 A.2d 208 (1987) ("In the absence of definitive contract language. . .the determination of what the parties intended to encompass in their contractual commitments is a question of the intention of the parties, and an inference of fact.").
There is an issue as to whether the board actually found just cause as defined above in terminating the plaintiffs' employment. There is an issue as to whether the business judgment rule frees the individual defendants from liability for the termination of O'Brien and Lisi and the redemption of their stock, in that the plaintiffs have the opportunity to rebut this rule by showing bad faith or failure to make an informed judgment on the part of the directors.
It is my opinion that all the counts of the complaint involve in some way the disputed issues referred to, and hence none may be disposed of by summary judgment. Accordingly, the motion is denied, and the case should proceed to trial as scheduled,
So Order.
Dated at Bridgeport, Connecticut this 10th day of January, 1992.
WILLIAM B. LEWIS, JUDGE