[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This an action claiming abuse of process and intentional infliction of emotional injury, in which the defendant has filed a motion for summary judgment.
The file indicates that the defendant, Eddie Rodriquez, Jr., represented Anna Lugo, wife of the plaintiff, Jose C. Lugo, as her attorney in an action seeking the dissolution of the marriage of Mr. and Mrs. Lugo. In connection with that action the defendant filed a notice of lis pendens, General Statutes 52-325, on several pieces of property owned by the plaintiff and situated in Bridgeport. Thereafter, the Lugos reconciled and Mrs. Lugo instructed the defendant to release the lis pendens on her husband's property. The plaintiff claims that the defendant failed to release the lis pendens for at least three to four weeks, or even longer, and that the reason he did not do so was because he was involved in a dispute with his client Mrs. Lugo, regarding attorney's fees, and was using the lis pendens as leverage to collect these fees. The plaintiff, who is a bail bondsman, alleges that he lost fees from potential clients because the State Police would not permit him to write bonds in the amounts previously authorized due to the presence of the lis pendens on several of his real estate holdings.
The basis for the defendant's motion for summary judgment is that the plaintiff failed to properly allege the essential elements of either abuse of process or intentional infliction of emotional injury. As to the former, the defendant cites Mozzochi v. Beck, 204 Conn. 490, 497, CT Page 833529 A.2d 171 1987), as requiring that a claim of abuse of process includes an allegation that the primary purpose of the attorney's conduct is to accomplish a purpose for which the legal process involved was not designed, an allegation not specifically set forth in the complaint. With respect to the second cause of action, the defendant refers to Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986) as setting out four elements for the tort of intentional infliction of emotional injury: (i) that the defendant knew or should have known that his conduct would cause emotional distress, and that he intended to inflict emotional distress; (ii) that the conduct was extreme and outrageous; (in) that the defendant's conduct caused plaintiff's injuries; and (iv) that the plaintiff's emotional distress was severe. Defendant claims that the complaint fails to properly allege two of the above elements, viz., the second and fourth, regarding the existence of extreme and outrageous conduct and severe emotional distress.
The plaintiff points out, on the other hand, that unlike a motion to strike, Practice Book 152, which focuses solely on whether a cause of action has been properly pled, summary judgment involves "such documents as may be appropriate" including affidavits, deposition testimony, disclosures "and the like." Practice Book 380. Thus our inquiry is cast not in terms of whether a recognizable claim upon which relief can be granted has been asserted, but rather whether the defendant as the moving party has shown that there is no genuine issue as to any material fact. Practice Book 384.
The criteria for the granting of summary judgment were reiterated just several weeks ago by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-97, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most I favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (in) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such a fact.
In opposition to the defendant's motion, the plaintiff submitted excerpts from deposition testimony by both the plaintiff and the defendant, as well as that of Attorney George Ganim, who represented the plaintiff at the time of the dissolution action and was involved in the recording of the several releases of the lis pendens. This testimony makes it clear that there are unresolved issues of fact which preclude summary judgment. One issue certainly is whether the defendant executed and issued the releases of the lis pendens in a reasonable period of time. He in effect claims that he did so in a reasonable time in the light of other demands on his time, whereas the plaintiff claims that the CT Page 834 defendant's intent was to pressure both Mrs. Lugo and the plaintiff with regard to legal fees.
The issue of what is a reasonable time to do something was addressed recently in Farmers Mechanics Savings Bank v. Garofalo, 219 Conn. 810,821, 595 A.2d 341 (1991), a case involving the timing of the recording of a mortgage deed. The court held, among other things, that: ". . .what is a reasonable time is a question of fact. . ." Id., 820. At another point it was said that: "[T]he length of time that is to be considered reasonable, has never been ascertained, and perhaps cannot be, and must be left according to the special circumstances of each case." Id., 821.
The other main factual issue involves the intent of the defendant with regard to the timing of his delivery of the releases of the lis pendens. The essence of abuse of process is whether a plaintiff ". . .can point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation." Mozzochi v. Beck, supra, 497. Intent is quintessentially a factual matter. As was said, for example, in Batick v. Seymour, 186 Conn. 632, 646-67, 443 A.2d 471 (1982): "It is. . .well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions."
Intent is also of the essence of the claim for intentional infliction of emotional injury, and therefore this count is also not amenable to disposition by way of summary judgment. It follows therefore that the defendant's motion for summary judgment should be and is denied.
So Ordered.
Dated at Bridgeport, Connecticut, this day of January, 1992.
WILLIAM B. LEWIS, JUDGE