[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury action in which the plaintiff, Michael Elliott, has moved for summary judgment on the basis that his vehicle was struck in the rear by a automobile operated by defendant Carlos Agudelo, and owned by defendant Aim Rent A Car Corp.
In support of his motion, the plaintiff submitted his affidavit indicating that he was cautiously slowing down in response to traffic ahead of him on I-95 in Westport when his car was suddenly and without warning struck from behind by the Agudelo vehicle. A police accident report was also submitted CT Page 1716 in which the officer quoted the plaintiff as saying he had to "stop suddenly for slowing traffic." The officer also quoted the defendant Agudelo as saying that the plaintiff "had come to a complete stop, so suddenly, he could not stop in time enough to prevent striking the vehicle."
The criteria for the granting of summary judgment were reiterated just recently by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-97, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (iii) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue.
In opposition to the motion for summary judgment, defendant Agudelo submitted an affidavit indicating that "Suddenly and without warning, Mr. Elliott stopped his vehicle in front of me. I hit my brakes and slowed down but could not avoid the accident."
Summary judgment is inappropriate in this case because defendant's affidavit creates a genuine issue of material fact as to whether the plaintiff slowed down suddenly and without warning, or whether the defendant was following too closely under all the circumstances.
Accordingly, the plaintiff's motion for summary judgment dated October 18, 1991 is denied.
So Ordered.
Dated at Bridgeport, Connecticut this 10th day of February, 1992.
WILLIAM B. LEWIS, JUDGE