[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for a declaratory judgment by the plaintiffs, Herlin Press, Incorporated ("Herlin Press"), a printing company located in West Haven, and its major stockholder and chief executive officer, Robert M. Herlin, against the defendant, Robert F. O'Such, the former president and a minority stockholder of this corporation. The plaintiffs claim that the defendant repudiated the terms of a Stock Transfer Agreement dated July 2, 1981, which provided a formula for the purchase by the Herlin Press of the defendant's employment with Herlin Press.[1]
The plaintiffs have now moved for summary judgment claiming that the defendant repudiated the formula for the calculation of the value of the shares of Herlin Press that he owned, and hence that the plaintiffs are no longer obliged to purchase the defendant's shares.
In support of their motion the plaintiffs have submitted an affidavit of the accountant for Herlin Press, David C. Seaman, who claims that he calculated the value of the defendant O'Such's shares of stock in accordance with the Stock Transfer Agreement, but that the defendant refused to accept this calculation and to sell to Herlin Press his shares of stock based on that calculation. CT Page 1508
The criteria for the granting of summary judgment were reiterated recently by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-297, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (in) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue.
In opposition to the plaintiffs' motion for summary judgment, the defendant O'Such submitted his affidavit as well as related documents indicating that he was at all pertinent times ready and willing to sell his stock to Herlin Press in accordance with the Stock Transfer Agreement, and that he did not repudiate the formula or method of valuation contained therein, but that the accountant's valuation of $21,272 per share "did not properly reflect the fair value of the company's assets, in that the assets were seriously undervalued." The defendant questioned, for example, whether the tangible assets of the company had been properly valued at current market price.
I believe that the defendant has raised a genuine issue of material fact regarding the valuation of his shares of stock of Herlin Press sufficient to warrant denial of plaintiffs' motion for summary judgment, particularly in light of the requirement that the evidence be viewed most favorably for the nonmovant.
Another genuine issue of material fact is whether the parties intended to void any obligation on the part of Herlin Press to repurchase the defendant's stock if the defendant disagreed with the method of valuation, or whether, on the other hand, Herlin Press remains obliged to purchase the defendant's stock in accordance with the Stock Transfer Agreement, and after a trial on the merits.
Accordingly, the motion for summary judgment is denied.
So Ordered.
Dated at Bridgeport, Connecticut this 11th day of February, 1992.
WILLIAM B. LEWIS, JUDGE