[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, McDonald's Corporation (McDonald's), moves for summary judgment, Practice Book 384, on the basis that it is the wrong defendant.
The complaint, September 21, 1990, alleges that on October 5, 1989, the plaintiff, Linda Posta, fell on ice CT Page 1284 located on the sidewalk in front of McDonald's restaurant at 1025 Main Street, Bridgeport, and that she sustained personal injuries as a result of the negligence of the defendant.
McDonald's claims that the proper defendant is the West Corporation, which was the franchisee, licensee, and lessee of the premises at 1025 Main Street, Bridgeport, at the time of the alleged fall and resultant injuries. McDonald's submitted documentation indicating that the West Corporation was operating the McDonald's store at the above address, and was responsible for the maintenance of the premises, under a franchise agreement from defendant McDonald's.
The criteria for the granting of summary judgment were reiterated recently by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293, 296-297, ___ A.2d ___ (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (iii) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue.
In opposition to defendant's motion for summary judgment, the plaintiff submitted an affidavit from a title searcher to the effect that West Corporation, the franchisee, never filed with the clerk of the city of Bridgeport a certificate of doing business under a trade name as required by General Statutes 35-1. The plaintiff also submitted her own affidavit which pointed out that: (i) she reported her fall to the manager at the McDonald's store; (ii) she was told by personnel at the McDonald's store to file a report of her accident with McDonald's Corporation; and (iii) the restaurant itself appeared to be under the immediate and direct control of McDonald's because of the many signs and logos to that effect.
I believe that the plaintiff has sufficiently demonstrated the existence of certain issues of material fact as to whether this defendant bears some responsibility for accidents occurring in or about the premises, either because of the failure to file a trade name certificate, and/or the question of whether an agency relationship existed between McDonald's and the West Corporation. In any event, the plaintiff has filed a motion to summon in West Corporation as a defendant in this case, which I believe is in CT Page 1285 order and should be granted. The relationship between defendant McDonald's and West Corporation, franchisor and franchisee, should be analyzed in the context of a factual hearing, and does not lend itself to disposition by way of summary judgment. Therefore, the defendant's motion for summary judgment is denied, and the plaintiff's motion dated November 26, 1991, to summon in West Corporation as a defendant is granted.
So Ordered.
Dated at Bridgeport, Connecticut, this 18th day of February, 1992.
WILLIAM B. LEWIS, JUDGE