[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a $30,000 promissory note that the defendant, John K. Ricci, as maker, executed in favor of the plaintiff, Donald Scinto, as payee. The plaintiff has moved for summary judgment. In various special defenses, answers to requests to admit, and now in an affidavit submitted in response to plaintiff's motion for summary judgment, the defendant contends that he never received any money from the plaintiff as consideration for the execution of the note.
In support of the motion for summary judgment, the plaintiff filed his affidavit, pointing out that he is the holder and named payee on the note in question, which was dated March 1, 1988. The motion was also accompanied by an affidavit from a John F. Bigley, who states that he "prepared" the note. In one of the memoranda of law, Mr. Bigley is identified as an attorney, but I was unable to discern by whom he was engaged. The Bigley affidavit also asserts that he "issued a check to John K. Ricci . . . in the amount of $30,000." He does not say whose $30,000 it was. The check itself is captioned "John F. Bigley Sr." with a Stratford address, and again with no indication that CT Page 1067 he was an attorney, or for whom he was acting in issuing the check.
The criteria for the granting of summary judgment were reiterated recently by the Appellate Court in Cummings Lockwood v. Gray, 26 Conn. App. 293, 296-297, ___ A.2d ___ (1991), and may be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (in) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue.
In opposition to plaintiff's motion for summary judgments the defendant asserts in an affidavit that he "never received $30,000 from Donald Scinto." In a supplemental affidavit, the defendant states that the $30,000, that he acknowledges receiving by way of a check from Bigley, actually came from one Anthony Marchese, who he identifies as his business partner in the construction and sale of a house in Fairfield. The defendant claims that Marchese contributed $30,000 to the project and wanted the note from him "as proof of his contribution to the construction project." According to defendant's affidavit, however, Marchese did not want the note payable to him, and therefore used the plaintiff, and presumably Bigley as well, as a "conduit," whatever that is supposed to mean, for the transfer of funds to the project because of "personal reasons." These reasons were said to be that: "Anthony Marchese was unable to have the note in his own name because of personal financial problems." In his memorandum of law, the defendant describes this transaction as intending to satisfy a "formality at the bank which held the construction mortgage loan," later identified as the Community Federal Savings Loan Association of Bridgeport. Parenthetically, it would be interesting to see whether this was indeed only a mere "formality" of the bank's, as described by the defendant. In another strange twist to this bizarre set of facts, defendant states that Marchese said he would not attempt to collect on the note by turning it over to the plaintiff.
I believe the core issue in this case is the status of the plaintiff as the holder and payee of the note in question. According to General Statutes 42a-3-408, want or failure of consideration is not a defense to an action by a holder in due course. General Statutes 42a-3-302(2) makes it clear that a payee CT Page 1068 such as the plaintiff may be a holder in due course, who is defined as one who takes an instrument for value, and in good faith, and without notice of any defense or claim to the instrument by a third party.
Having in mind that an axiom of summary judgment is that the evidence must be viewed in the light most favorable to the nonmovant, in this case the defendant, I am not prepared to say that the plaintiff has sustained his burden of proving the nonexistence of any material fact regarding his good faith in taking the note, or whether he had notice that Marchese had a claim to the note signed by the defendant. Hence, for purposes of this motion, I am not convinced that the plaintiff is a holder in due course, and thus entitled to the benefits of General Statutes42a-3-305, providing that such a person in effect takes an instrument free from claims to it by any other person, and most defenses.
Assuming then for this motion that the plaintiff falls within the scope of General Statutes 42a-3-306, which provides that a person not a holder in due course takes an instrument subject to the claims of others and various defenses, it is clear that the defendant's affidavits submitted in opposition to the motion for summary judgment do in fact demonstrate the existence of genuine issues of material fact. These issues are, in the words of the above statute, whether: (i) some other person, such as Marchese, has a valid claim to the instrument; and (ii) there has been a "want or failure of consideration." These questions cannot be decided as a matter of law, but rather require resolution by the trier of fact.
The motion by plaintiff for a summary judgment in his favor is denied.
So Ordered.
Dated at Bridgeport, Connecticut, this day of February, 1992.
WILLIAM B. LEWIS, JUDGE