[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Town of Darien, has moved (#113) for a summary judgment with respect to the claim by the plaintiff, Liberty Auto and Electric Co., Inc., of Bridgeport, for $8,110.72 for extra work performed in connection with the furnishing and installing of a gasoline storage tank for the defendant.
The plaintiff's bid for $12,804 for the furnishing and installing of this tank at the defendant's Public Works garage was accepted by the defendant, the work was subsequently performed, and the defendant paid the contract price of $12,804 to the plaintiff.
However, according to complaint the plaintiff evidently ran into some unanticipated rock ledge in the course of installing the storage tank, and later billed the plaintiff for $8,110.72, which was claimed to be the reasonable value of the extra, work incurred in drilling, chopping and removing the rock ledge from the excavation.
The basis for the defendant Town's motion for summary judgment is paragraph 4 of the "General Specifications", which was a part of the contract between the plaintiff and the defendant, and which provided as follows: "If the contractor [the plaintiff claims that any instructions given him involve extra cost or extension of time, he shall, within five (5) days after receipt of such instructions, and in any event before proceeding to execute the work, submit his protest in writing to the Town of Darien stating clearly and in detail the basis of his objection. No such claim shall be valid unless so made."
The plaintiff has not submitted any affidavits or documentation contradicting the claim by defendant that no such written protest was filed before the work was commenced and finished. The plaintiff claims that defendant had actual notice that plaintiff had run into ledge and was CT Page 1395 removing the same, but it was conceded that plaintiff did not submit a protest in writing to the Town.
The criteria for the granting of summary judgment were reiterated recently by the Appellate Court in Cummings and Lockwood v. Gray,26 Conn. App. 293, 296-297, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be entitled to a directed verdict on the same facts; (in) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment, the nonmoving party must demonstrate the existence of a genuine issue of material fact by reciting specific facts contradicting the facts contained in the moving papers.
The plaintiff's claim for reimbursement for extra work relies on assertions of actual notice and unjust enrichment. Because the contract is clear that before entering on the performance of extra work, written notice must be given to the defendant, I believe that the defendant's motion for summary judgment in its favor is in order. In John T. Brady, and Co. v. Stamford, 220 Conn. 432, 599 A.2d 370 (1991), the Supreme Court refers to the core issue as "the performance of the parties in light of their intent as manifested in the written agreements." Id., 445.
Moreover, a claim for unjust enrichment is restricted, according to Brady, Id., 447, to preventing "unjust enrichment of the part responsible for a material breach of an enforceable contract." There is no allegation in the complaint to the effect that the defendant Town breached its agreement with the plaintiff, and I believe it follows that the plaintiff is not entitled to recover on the theory of unjust enrichment.
Furthermore, the court quotes with approval the axiom that "[C]ontracting parties are free to impose conditions upon contractual liability." Id., 449-50. Even more on point in Brady is the reference to Multi-Service Contractors. Inc. v. Vernon, 193 Conn. 446, 477 A.2d 6563
(1984), cited for the proposition that "[i]n the absence of allegation or proof that the [contractor's] noncompliance with the contract conditions was impracticable, or resulted from actions of the [owner] or its agents that were taken in bad faith, the [contractor had] failed to make out a case for equitable or restitutionary relief." Id., 441. The complaint in this case does not allege that compliance with the condition of a written protest was impracticable, or that noncompliance with this condition resulted from bad faith on the part of the defendant.
Accordingly, the defendant's motion for summary judgment in its favor is granted.
So Ordered. CT Page 1396
Dated at Bridgeport, Connecticut, this 21st day of February, 1992.
William B. Lewis, Judge