[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a claim by the plaintiff, Joseph Sabre, that the defendants, including the Trumbull Republican Town Committee (Trumbull RTC) breached their contract with the plaintiff. Sabre alleges that the defendant Trumbull RTC failed to instruct defendant Crabtree-Haas Cadillac-Oldsmobile, Inc. (Crabtree-Haas), an automobile dealer, that the plaintiff was the legitimate winner of the grand prize at a raffle conducted by the Trumbull RTC, consisting of a 1986 Cadillac Fleetwood Brougham. Plaintiff also alleges that Crabtree-Haas should not have turned over this vehicle to defendant Doris Sovary without first obtaining from her the winning ticket stub, which remained, according to plaintiff, in his possession.
By way of background, the defendant Trumbull RTC sponsored for fund raising purposes a raffle and the plaintiff purchased four tickets. He put his own name and address on two of the tickets, but put his friend Dons Sovary's name on the other two tickets, but with his address at 313 Beechmont Avenue in Bridgeport. His explanation for putting two tickets in Sovary's name was that, according to his deposition, he "wanted to change his luck". The winning ticket was allegedly one of the two tickets bearing defendant Sovary's name.
The Trumbull RTC has moved to strike counts 1, 3 and 4 on the ground that they fail to state a recognizable or cognizable cause of action. Practice Book 152. Count 2 is directed only against Crabtree Haas. The motion to strike is denied because this defendant has filed an answer, thus waiving its right to file a motion to strike. Practice Book 112, 113. With respect to the motion for summary judgment, the Trumbull RTC claims that there are no genuine issues of material fact, and therefore that it is entitled to judgment as a matter of law. The criteria for the granting of summary judgment were reiterated recently by the Appellate Court in Cummings and Lockwood v. Gray,26 Conn. App. 293, 296-297, A.2d (1991), and can be summarized as follows: (i) such a judgment may be granted if there is no genuine issue as to any material fact; (ii) the moving party has the burden of proving the nonexistence of any material fact, the evidence must be viewed in the light most favorable to the nonmovant, and the test is whether the moving party would be CT Page 1197 entitled to a directed verdict on the same facts; (iii) a material fact is one that will make a difference in the outcome of the case; and (iv) once the movant presents evidence supporting a motion for summary judgment the nonmoving party must demonstrate the existence of a genuine issue of material fact by submitting evidence disclosing the existence of such an issue.
The Trumbull RTC claims that plaintiff has no cause of action against it for money damages on the theory that plaintiff seeks a commission or reward as a result of his purchasing the winning ticket. Defendant refers to Conn. State Agencies, Regs. 7-185-10a(e), which states that: "no commission, salary, compensation, reward or recompense shall be paid or given to a seller or purchaser of tickets, directly or indirectly." It further argues that because the name Doris Sovary appeared on the winning ticket she was entitled to receive the automobile in question. The plaintiff claims that he is the holder of the winning ticket and that his address, not the address of defendant Sovary on East Washington Street in Bridgeport, appears on this ticket.
The regulation cited by Trumbull RTC, however, does not appear to stand for the proposition cited by this defendant, but evidently is aimed at preventing the purchaser of a winning ticket in some other person's name from insisting on a commission before turning over the prize to the actual winner. See Conn. State Agencies, Regs. 7-185-10a(e). Moreover, summary judgment is ill-equipped to deal with questions of "motive, intent and good faith." Multi-Service Contractors. Inc. v. Vernon, 193 Conn. 446,451-52, 477 A.2d 653 (1984). One can only speculate about plaintiff's motive and intent in purchasing two tickets in Sovary's names but using his own address.
Since the regulation cited by the Trumbull RTC does not appear to apply to the instant action, nor is summary judgment appropriate where intent and motive are important elements of the case, the motion of the defendant Trumbull RTC for summary judgment is denied.
So Ordered.
Dated at Bridgeport, Connecticut this 27 day of February, 1992.
WILLIAM B. LEWIS, JUDGE