[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out a three vehicle accident which occurred on June 17, 1989 in Norwalk. The plaintiffs are Carlos Maya, who was the driver, and his two passengers, Eduardo and Rodrigo Maya. Plaintiffs claim in their six count complaint that they were traveling south on Main Street in Norwalk, and that defendant Alvin Sample was driving in front of them. They allege that Sample stopped abruptly, and as the plaintiffs attempted to go around the stopped vehicle, Sample's vehicle suddenly made a right turn and collided with the plaintiffs' vehicle. The plaintiffs allege that as a result of this collision, their vehicle was pushed into the northbound lane of traffic and was then struck by a vehicle operated by defendant Louis Casolo, who was traveling at an allegedly unlawful speed. The plaintiffs claim that each sustained serious personal injuries as a result of the negligence of Sample and Casolo.
Defendant Casolo has filed a motion for summary judgment (#121) on the issue of liability on the grounds that there is no genuine issue of fact and that he is entitled to judgment in his favor as a matter of law. In support of his motion, Casolo submitted his own affidavit, an uncertified copy of the police accident report and the depositions of Rodrigo Maya and Eduardo Maya. The plaintiffs submitted affidavits of CT Page 9436 Carlos, Eduardo and Rodrigo Maya, as well as the affidavit of Sheri Paige, their attorney.
Pursuant to Practice Book 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991). The criteria for the granting of a summary judgment were also set forth by the Appellate Court in Cummings Lockwood v. Gray,26 Conn. App. 293, 296-97, 600 A.2d 1040 (1991): (1) such a judgment may be granted if there is no genuine issue as to any material fact; (2) a material fact is one that will make a difference in the outcome of the case; (3) the moving party has the burden of proving the nonexistence of any material fact; (4) the evidence must be viewed in the light most favorable to the nonmoving party; and (5) the test is whether the moving party would be entitled to a directed verdict on the same facts.
In support of his motion for summary judgment, Casolo argues that his alleged speeding would only be a condition and not a substantial factor in causing this accident and injuries to the plaintiffs. Casolo therefore claims that under Mahoney v. Beatman, 110 Conn. 184,147 A. 762 (1929), he is not liable as a matter of law. In response, the plaintiffs contend that there is an issue of fact as to the negligence, if any, of the plaintiff Carlos Maya, as well as the involvement of the Sample vehicle in this negligence action. Carlos Maya also claims that there is an issue of fact regarding whether Casolo could have stopped his vehicle to avoid the accident.
A review of Mahoney v. Beatman, supra, 186, indicates that it is factually different than the case at bar in that the defendant, rather than the plaintiff, was the driver of the vehicle which crossed the center line. Furthermore, in Mahoney v. Beatman, supra, the defendant's car crossed the center line voluntarily, rather than being pushed to the other side of the road by another vehicle as in this case. Mahoney does not support Casolo's contention that Carlos Maya was solely liable for this accident.
The court finds that there are questions of fact regarding the extent, if any, of the plaintiff Carlos Maya's negligence, and as to whether Casolo's speed substantially contributed to the accident. The summary judgment procedure is ill suited for negligence cases in any event. See Spencer v. Good Earth Corporation, 164 Conn. 194, 198, 319 A.2d 403 (1972). Casolo has therefore not met his burden of proving that there are no genuine issues of material fact, and that he is entitled to judgment CT Page 9437 as a matter of law. Accordingly, Casolo's motion for summary judgment is denied.
So Ordered.
Dated at Stamford Connecticut this 24th day of November, 1993.
William B. Lewis, Judge