[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The plaintiff, Gilbert Frempong, is a pro se litigant. He filed an amended complaint on January 7, 1993 which alleged fraud and deceit in the first count and breach of contract in the second count. The plaintiff alleges the following facts in his amended CT Page 2432 complaint. The plaintiff rented a storage space from the defendant, U-Haul Storage Services for $45.00 per month. In August of 1991 he was told to sign new forms or remove his property from storage. The plaintiff signed the forms which he alleges included a contract for sale.
The plaintiff was unable to make his payments in July, August, and September of 1992 but then made a partial payment two months and twenty-one days late. A few days later he received a letter and final notice of seizure and a sales receipt for his property in the amount of $560.00.
On November 9, 1993, the defendant filed a motion for summary judgment, a memorandum of law in support of its motion, a default notice from U-Haul Storage, a hand written letter from Peter Wilson, the storage coordinator of U-Haul, an affidavit of Peter Wilson, and certified deposition testimony of Gilbert Frempong. On November 18, 1993, the plaintiff filed an objection to defendant's motion for summary judgment, a memorandum of law in support of his objection, an affidavit of Gilbert Frempong, a handwritten list of personal property, certified deposition testimony of Gilbert Frempong, a descriptive inventory sheet, and copies of legal notices.
"[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil v. Urban Redevelopment Commission, 158 Conn. 364,375, 260 A.2d 596 (1969). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits . . . written admissions and the like." Cummings Lockwood v. Gray, 26 Conn. App. 293,600 A.2d 1040 (1991). The movant has the burden of showing the absence of any material fact. Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 99
(1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connel v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991).
"It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of CT Page 2433 fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.'" Daily v. New Britain Machine Co., 200 Conn. 562, 569, 512 A.2d 893 (1986).
The defendant argues that it complied with the statutory provisions of General Statutes 42-159 et. seq. and therefore did not wrongfully sell the plaintiff's property. The relevant statutes provide in pertinent part:
 42-161.(b) The owner shall notify the occupant . . . of his intention to satisfy the lien with a written notice which shall be delivered in person or sent by registered or certified mail, return receipt requested, to the last known address of the occupant.
 42-162. Contents of notice. The notice required by section 42-161
shall contain the following information: (1) An itemized statement of the owner's claim showing the amount due at the time of the notice and the date the amount became due; (2) a description of the personal property subject to the lien . . . (4) a demand for payment within a specified time not less than fourteen days after delivery of the notice; and (5) a conspicuous statement that unless the amount due is paid within the sixty days after default the owner will advertise the personal property for sale or disposition and will sell or otherwise dispose of such personal property, the time and place of such sale or disposition to be specified in the notice.
 42-163. Sale or disposition of property; where held. Any sale or other disposition of the personal CT Page 2434 property of the occupant shall conform to the terms of the notice as provided in section 42-162 and shall be held at the self-service storage facility. . . .
In order to show compliance, the defendant has submitted certified deposition testimony of the plaintiff, and an affidavit from Peter Wilson, the defendant's employee. Wilson's affidavit claims: that after the July and August, 1992 rental charges were outstanding, Wilson sent notice, via registered mail, to the plaintiff to the only address ever given; that the notice included an itemized statement for the $170.00 due with a date, description, and amount breakdown, and an inventory sheet with a description of the personal property subject to the lien; that the notice stated that if the amount was not paid by August 31, 1992, the goods would be sold at public auction at the Hamden U-Haul facility at 9:00 a.m., on September 16, 1992; that notice of the auction was published in the New Haven Register on September 2, 1992 and September 9, 1992; that the proceeds were used to pay the expense of the sale, and the excess to pay the amount due U-Haul, with the remaining portion sent to the plaintiff, which he refused to accept.
The plaintiff argues in his memorandum in opposition that the defendant did not in fact comply with the applicable statute. The plaintiff, however, fails to substantiate his claim by submitting any evidence to show the existence of any issue with respect to defendant's compliance with General Statutes 42-159.
The plaintiff also argues that because he alleges that the defendant intended to defraud him by concealing most of the properties from the inventory list, summary judgment procedure is inappropriate. Summary judgment is ". . . inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil v. Urban Redevelopment Commission, supra, 375. "[E]ven with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfield, 224 Conn. 240, 618 A.2d 506
(1992).
While the plaintiff alleges fraud in his amended complaint, he does not allege any facts to support such a claim. Similarly, CT Page 2435 plaintiff argues fraud in his memorandum, but his affidavit states no facts to support that argument. It is not enough for the plaintiff merely to assert the existence of such an issue, therefore, he has not sustained his burden to oppose the defendant's motion for summary judgment. Daily v. New Britain Machine Co., supra.
Accordingly, defendant's motion for summary judgment is granted.
Robert A. Martin, Judge