[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action arises out of a motor vehicle accident occurring on November 17, 1983 when a motorcycle operated by Richard O. Hundertmark, Jr. (Hundertmark) struck a vehicle (the 1972 truck) owned by George Hoppes (Hoppes) resulting in the death of Hundertmark and his estate has instituted a suit for monetary damages against Hoppes. The plaintiff, National Indemnity Company (National Indemnity) has brought the present declaratory judgment action asserting that it had issued a policy of insurance to Hoppes but is not obligated to defend an action brought against Hoppes nor is it obligated to indemnify Hoppes with respect to such policy of insurance. Suit has been instituted by National Indemnity against Hoppes, Sherri Arbusto (Arbusto) as administratrix of the estate of Hundertmark, Universal Underwriters Insurance Company (Universal), the insurer of the motorcycle owned and operated by Hundertmark, and Bankers and Shippers Insurance Company (Bankers), an uninsured motorist insurer providing insurance coverage to Hundertmark. National Indemnity has filed a Motion for Summary Judgment assenting that its rights can be determined as a matter of law based upon the affidavit and other evidence submitted in support of the motion. The only party opposing National Indemnity's Motion for Summary Judgment is the defendant Universal. Universal has not filed an affidavit or other documentary evidence in opposition to the Motion for Summary Judgment.
Based upon the affidavit, responses to requests for admissions and other documentary evidence submitted by National Indemnity, the facts appear as follows: National Indemnity issued a commercial liability policy of insurance to Hoppes effective April 28, 1993 to April 28, 1994 as a renewal of a prior policy. At the time the present policy of insurance was issued, an International truck was the only vehicle listed as a covered auto. By endorsement effective August 1, 1993, coverage for a Dodge pickup truck was added as a covered auto to the policy of insurance. Under Section B of the Trucker's Coverage Form contained in the policy of insurance, an after acquired vehicle is covered under Section B2 which provides:
 "But, if symbol 46 is entered next to a coverage in an Item Two of the Declarations and `auto' you acquire will be a covered CT Page 1319-WW `auto' for that coverage only if:
 a. We already cover all `autos' that you owned for that coverage or replaces an `auto' you previously owned that had coverage; and
 b. you tell us within 30 days after you acquire it that you want us to cover it for that coverage."
National Indemnity claims that the Hundertmark vehicle involved in the accident is not covered under the policy of insurance because Hoppes did not, pursuant to Section 2B above, tell the company within 30 days after he acquired the 1972 truck that he wanted the company to provide insurance coverage for the vehicle.
On October 4, 1993, Hoppes forwarded a letter to individuals in Rhode Island enclosing a certified check for $2,500 for payment in full for a 1972 truck noting that it was to be "picked up at my convenience". Hoppes took possession and delivery of the truck on October 16, 1993. By letter dated November 5, 1993, an account executive of the Robert S. Weiss and Co., Inc., Hoppes' insurance agent, advised Hoppes that the premium quote for the 1972 truck was $4,090 and that if he wished to go ahead and add coverage to the vehicle, the vehicle identification number was needed. The Weiss Company was an independent insurance broker acting as agent for Hoppes and the Weiss Company did not have any authority to act for or on behalf of National Indemnity in relation to binding coverage or with respect to requests for providing coverage for autos acquired by an insured after the policy begins. The 1972 truck operated by Hoppes was involved in a motor vehicle accident on November 17, 1993. By a check dated November 29, 1993, insurance coverage on the vehicle was tendered by Hoppes' attorney to Robert S. Weiss and Company. Defendant Hoppes admits that on the date of the accident, November 17, 1993, there was no automobile liability policy in effect as to the 1972 truck involved in the collision. In a deposition of Hoppes taken in the lawsuit brought by Arbusto, Hoppes testified there was a problem with the title of the vehicle in November of 1993. He intended to register the 1972 truck and insure the vehicle at the same time but when the vehicle could not be registered, he decided not to insure it, either. After the accident of November 17, he attempted to obtain insurance coverage on the vehicle. CT Page 1319-XX
The word "acquire" means "to come into possession of or control of". Webster's New Collegiate Dictionary (Ninth Ed. 1987); see also Black's Law Dictionary (5th Ed. 1979). The defendant Universal asserts that the word "acquire" is ambiguous and therefore a question of fact exists. While there may be some question as to whether Hoppes acquired the vehicle at the time he forwarded the purchase price for the 1972 truck to Rhode Island, there seems to be little doubt that, under the definition of the word "acquire", quoted above, that he did in fact acquire the vehicle when he took delivery and possession of the vehicle on October 16 when he previously paid the full purchase price.
Universal also claims that neither National Indemnity nor Robert Weiss and Company informed Mr. Hoppes that if he did not tell National Indemnity he wanted coverage on November 15, he would lose coverage. According to the papers before the court, Weiss was an agent of Hoppes, not of National Indemnity, and in the ordinary course, knowledge of the terms of the policy would be imputed to Hoppes. Distributors, Inc. v. Allstate InsuranceCo., 177 Conn. 58, 61-62 (1979). In addition, there is no evidence before the Court that Hoppes did not know and understand the terms of his policy of insurance and, indeed, his deposition indicates that he had decided not to obtain insurance until such time as the vehicle could be registered. Universal also asserts that there is an ambiguity because the policy does not advise the insured of the manner in which it is to give notice of a request for coverage for an after acquired vehicle. However, ambiguity would not seem to play any role when there is no indication that there was any attempt by Hoppes to "tell" National Indemnity that he wanted insurance coverage. Indeed, there is no indication in the file, except Hoppes' own statements to the contrary, the he ever wanted insurance coverage on the vehicle until after the accident.
A party opposing a summary judgment must substantiate its claims by showing that there are genuine issues of material fact together with the evidence disclosing the existence of such issues. See such cases as Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781 (1991); 2830 WhitneyAvenue Corp. v. Heritage Canal Development Associates, Inc.,33 Conn. App. 563, 567 (1994); Cummings Lockwood v. Gray,26 Conn. App. 293, 298 (1991). While Universal has raised issues that might be applicable in other situations, the situation here presented is that Hoppes acquired a vehicle no later than October CT Page 1319-YY 15, 1993 and did not advise National Indemnity that he wanted insurance coverage for that vehicle within 30 days as required by the policy of insurance. Accordingly, the Motion for Summary Judgment is granted.
Rush, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1319-PPP