[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#107)
There is no dispute that the plaintiff rendered services to the defendants for the period from November 1990 to January 1994. However, a dispute exists as to whether or not the fees charged for those services are reasonable, and whether or not those services have been paid for in full by the defendants. The basis for this lawsuit is the collection of unpaid legal fees, therefore the' questions of whether the fees are reasonable and have been paid raise issues of material fact that will affect the outcome of this lawsuit. Although the plaintiff's evidence tends to refute the defendants' contention that they have paid the plaintiff for the services rendered, the assignment of the $10,000.00 payment to either the personal account of a director and shareholder of MIWS, Stuart Longman, or as payment towards the balance of the invoice for plaintiff's services rendered, is an issue of material fact best reserved for resolution by the trier of fact. Similarly, the issue of whether the fees charged by the plaintiff are reasonable also raises an issue of material fact.
Although the plaintiff has cited Cummings and Lockwood v.Gray, 26 Conn. App. 293, 600 A.2d 1040 (1991), in support of its motion for summary judgment, that case can be distinguished from the case at bar. In Cummings and Lockwood v. Gray, the Appellate Court upheld the trial court's summary judgment in favor of the plaintiff. The plaintiff's complaint alleged that the plaintiff had a retainer agreement with the defendant, and that the reasonable value of the services rendered was $105,141.66 which the defendants had failed to pay fully. The defendants admitted they paid $46,175.86 but denied that they owed any additional amount. The defendants also failed to respond to the plaintiff's requests for admissions, which is equivalent to an admission according to Practice Book § 239(b). However, the Appellate Court affirmed summary judgment on the ground that the plaintiff's motion for CT Page 1412-A summary judgment was supported by an affidavit sworn to by Eric W. Weichmann, a partner in the plaintiff law firm, and that the defendants did not file an affidavit responding to and addressing the factual claims contained in the affidavit submitted by the plaintiff. Instead, the defendants' affidavit solely addressed why they had not responded to the plaintiff's request for admissions. The Appellate Court held the plaintiff's affidavit sufficiently established the nonexistence of any material issue of fact, and that because these facts were uncontroverted they established the defendants' liability. The defendants did not offer any evidence to prove a genuine issue of material fact existed.
Alternatively, the plaintiff asks the court to grant its motion for summary judgment as to liability only, finding the only issue in dispute is the amount of the outstanding fees. In support of this proposition plaintiff has cited Centerbank v. SilvermineLand Investment Corporation, 8 Conn. L. Rptr. 61 (1993) and Practice Book § 385. In Centerbank, the court allowed the plaintiff's motion for summary judgment as to the defendants' liability on a note, in spite of the fact that the defendants had filed seven special defenses in opposition to the plaintiff's motion for summary judgment. The court granted summary judgment as the defendants had not refuted the affidavits submitted by the plaintiff.
Practice Book § 385 states summary judgment may be rendered on the issue of liability alone, although a genuine issue as to damages exists.
In the case at bar, the defendants have disputed certain allegations made in the affidavits submitted by the plaintiff, and have offered affidavits and evidence in support of their challenges. The defendants' allegation that they have paid an adequate fee for the service rendered by the plaintiff may be considered a special defense, but the mere filing of a special cite a motion for summary judgment on its merits." However, the defendants have addressed most allegations contained in the plaintiff's affidavit and, in the process, have raised issues of material fact. Therefore, the cases upon which the plaintiff relies are inapplicable to its situation.
Therefore, when viewing the evidence in the light most favorable to the non-moving party, the court holds that the defendants have raised issues of material fact, and that the CT Page 1412-B plaintiff's motion for summary judgment is therefore denied.
KARAZIN, J.