[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT FILED BY THE DEFENDANT, ETR Enterprises, LLC
CT Page 15152
Plaintiff has alleged that he suffered injuries when, on August 19, 1997, while playing ice hockey in a "No Checking No Contact" league, he was intentionally struck by the defendant, James Cannon; that the "No Checking No Contact" league was operated by the defendant Reel Ice Inc., f/k/a Enfield Twin Rinks Operating Co., Inc. d/b/a Twin Rinks (hereinafter "Reel Ice") and/or ETR Enterprises, LLC (hereinafter "ETR"). The plaintiff has further alleged that the defendants Reel Ice and/or ETR had an implied and/or express contract with the plaintiff providing that the ice hockey games would be conducted as "No Checking No Contact" games. It is further alleged that said defendants breached the contracts with the plaintiff by allowing the game to become and continue as a checking and contact game. Defendant, ETR, filed a motion for summary judgment on March 29, 2000 claiming that on the date of the injuries sustained did not own or control the premises where the plaintiff injured; it did not control or maintain the hockey league in which the plaintiff was playing at the time of his injury; and it owed no duty in tort or contract to the plaintiff.
STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital,192 Conn. 451, 455 (1984); Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983)
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffev. New York, New Haven and H.R. Company, 160 Conn. 482, 488 (1971). "Indeciding a motion for summary judgment, the trial court must view theevidence in the light most favorable to the nonmoving party." Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368 (2000) (Emphasis added) "[T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v. Gray, 26 Conn. App. 293, 296-97
(1991).
DISCUSSION
CT Page 15153
Defendant ETR submitted an affidavit dated March 8, 2000 from William Hurley, a member of the defendant ETR. Said affidavit claims in pertinent part that ETR did not purchase or otherwise assume the obligations or liabilities of the defendant Reel Ice with regard to the James Planzo claim at the time that it purchased certain assets from Reel Ice on or about September 24, 1997. However, the purchase and sale agreement of September 24, 1997 between Reel Ice and ETR, a copy of which is attached to the plaintiff's memorandum of law in opposition to the motion for summary judgment (hereafter "contract") states otherwise.
FINDINGS
The Court finds as follows:
1. Defendant ETR has not denied that there was an agreement between Reel Ice and the plaintiff to have him play in a "No Checking No Contact" league, so the Court will take that allegation as being true.
2. The claim of the plaintiff which arose at the time of the injuries being sustained became a liability of Reel Ice.
3. Section 2.2 of the contract provides that the buyer (ETR included) "agrees to accept and assume the Assumed Liabilities as of the effective time of the contract which was September 24, 1997 and thereafter discharge the assumed liabilities in accordance with their terms." Section 4.5 of the contract provides that the seller (including Reel Ice) and the buyer (including ETR) shall enter into an assignment and assumption agreement under which seller shall assign to buyer and buyer shall assume the assumed contracts and the assumed liabilities, all of this to be done at the closing. The contract states that the assumption agreement will be in substantially the form of the attached Exhibit E. However, there is no Exhibit B attached to the copy presented to the Court. Therefore, the Court will make its decision based upon the language of the contract itself.
4. Section 1.3 defines assumed liabilities as "seller's obligation to . . . complete the assumed contracts . . ."
Section 1.2 defines the assumed contracts as Reel Ice's commitments to customers.
5. Therefore, from the wording of the contract ETR agreed to assume Reel Ice's commitments to customers which would include liability to customers including the plaintiff. CT Page 15154
6. There may be testimony in order to further elaborate the terms of the contract, but based upon the terms as written, which would appear to control, ETR is a proper defendant.
7. During oral argument there was some discussion about the definitions of "No Checking No Contact". However, these definitions would probably require the testimony of an expert witness.
Accordingly, there are some issues of fact to be determined at trial, and as a matter of law, the contract provides that ETR assume the liabilities of Reel Ice which includes the liability of Reel Ice to the plaintiff. The Connecticut Supreme Court has held that "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party" Witt v. St. Vincent'sMedical Center, 252 Conn. 363, 368 (2000). The nonmoving party here is the plaintiff, and based upon that holding and the aforementioned reasons, the motion for summary judgment is denied.
Rittenband, J.