[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT
This case arises out of a prior lawsuit in which the plaintiff, Patricia Belch, was sued by her daughter-in-law, Melinda Belch, in connection with the alleged abduction of one Brandon Belch, Melinda's minor son and Patricia's grandson, by the child's father, John Belch. In her Complaint, Melinda Belch alleged that Patricia Belch conspired with John Belch — who was her son, Melinda's husband and Brandon Belch's father — to kidnap Brandon from Melinda and bring him to Patricia Belch's home. Melinda Belch also alleged that once John Belch CT Page 12307 and Brandon Belch reached her home, Patricia Belch negligently refused to return Brandon to Melinda, his mother.
On March 19, 1991, the plaintiff notified the defendant, The Hartford Fire Insurance Company, of Melinda Belch's lawsuit and made a claim upon the defendant both to defend her in that lawsuit and to provide her coverage for any claim that might be sustained against her therein. By a letter dated May 10, 1991, the defendant refused the plaintiff's claim.
The present action was brought on March 29, 1993 by plaintiffs Patricia Belch and her husband, William Belch. In the first count of their four-count Complaint, the plaintiffs claim that the defendant breached its contract to provide them with a defense for claims made and lawsuits brought against them, and to provide them coverage and/or indemnification in connection with those claims. The plaintiffs base this claim on the defendant's express refusal to provide plaintiff Patricia Belch with a defense and/or to afford her coverage and/or indemnification in the lawsuit brought against her by Melinda Belch. The second count of the Complaint alleges breach of an implied covenant of good faith and fair dealing. The third count alleges bad faith. The fourth count seeks a declaratory judgment that because the plaintiffs' contract of insurance contains no definition for the term "occurrence," the defendant has and/or had both "a duty to hire counsel and provide a defense to the plaintiffs for those counts in the complaint brought by Melinda Lee Belch which sound in Negligence" and "a duty to provide coverage to the Plaintiffs for those counts. . . ."
The defendant now moves this Court to enter summary judgment in his favor on the ground that there is no genuine issue of material fact that the plaintiff's alleged conduct was intentional, not negligent, and thus that it is excluded from coverage under the contract of insurance here in question. The plaintiff not only opposes the defendant's Motion, but has countered it with her own Cross-Motion for Summary Judgment, claiming that since at least one count of the underlying civil action for which the plaintiff sought coverage and a defense sounded in negligence, she was entitled to what she requested as a matter of law.
For the following reasons, the Court concludes that both Motions must be denied. CT Page 12308
 I
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material facts and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont PlasticsCorporation, 229 Conn. 99, 105, 639 A.2d 507 (1994). "A material fact is one that will make a difference in the result of the case." Cummings Lockwood v. Gray, 26 Conn. App. 293,297, 600 A.2d 1040 (1991). "[T]he `genuine issue' aspect of summary judgment procedure requires the parties to bring forward the trial court evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379,260 A.2d 596 (1969). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." Id., 379.
"[I]t is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Nolanv. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031 (1988). "In passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist." Id., 500. "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact." Cummings Lockwood v. Gray, supra,26 Conn. App. 297. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Dougherty v. Graham, 161 Conn. 248,250, 287 A.2d 382 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Scrapchansky v. Plainfield, 226 Conn. 446,450, 627 A.2d 1329 (1993).
II
CT Page 12309
The defendant argues that the homeowner's insurance policy under which Patricia Belch made her claim for coverage and a defense excludes coverage for intentional acts such as abduction or kidnapping. In support of that argument, it properly directs the Court's attention to Section II of the policy in question, which reads in pertinent part as follows:
 Medical Payments to Others do not apply to bodily injury or property damage:
 a. which is expected or intended by the insured.
So stating, the plaintiffs' homeowner's policy is entirely consistent with the prevailing law of this State, which provides that insurers have no duty to defend their insureds for intentional acts. Larose v. Aetna Life Casualty Co., Superior Court, J.D. of Hartford/New Britain at Hartford, Docket No. 34 05 75 (July 24, 1992, O'Neill, J.). In light of this lawful exclusion, the defendant argues that the alleged conduct for which plaintiff Patricia Belch sought a defense — conspiring to kidnap her grandchild from its mother and lawful custodian — is the very kind of intentional conduct for which no coverage or defense need be provided.
In response to the defendant's argument and in support of its own Cross-Motion for Summary Judgment, the plaintiffs argue that while intentional conduct is not covered by their contract of insurance, negligent conduct surely is. Therefore, they contend, the defendant owed plaintiff Patricia Belch both a defense and coverage or indemnification for that portion of her daughter-in-law's lawsuit which was expressly based on allegations of negligence. In particular, the plaintiffs rely on the fourth count of Melinda Belch's underlying lawsuit, wherein it was alleged that
 22. The actions of the Defendant, PATRICIA BELCH, in conspiring with the Defendant, JOHN BELCH, to snatch the child and in refusing to return the child to the Plaintiff in spite of lawful court orders constituted actions that were negligent in that said actions where [sic] not the actions of a reasonable [sic] prudent person acting in aCT Page 12310 reasonably prudent manner.
Underlying Complaint, Count IV, ¶ 22 (emphasis added). By pleading that Patricia Belch's conduct was negligent, contend the plaintiffs, the claimant stated a claim which the defendant insurance company was required by law to defend, cover and/or indemnify.
Under our law, it is undisputed that a homeowner's policy covers negligence and imposes a duty to defend against claims of negligence. Whether, however, a claim for which coverage and a defense are sought is in fact a claim of negligence, does not depend uniquely upon how the claimant has chosen to characterize it. Thus in American National Fire Insurance Co.v. Schuss, 221 Conn. 768 (1992), our Supreme Court upheld an insurance company's denial of a defense even though the lawsuit in which its insured had been sued soundly partly in negligence. There, where the insured's alleged conduct was the commission of an arson, the insurer was held to have acted properly in denying coverage because "[t]he only rational conclusion a factfinder could have reached [was] that the defendant acted either with the desire to cause harm . . . or with the substantial certainty that harm would occur." Id. at 778-79. Similarly, in Larose v. Aetna Life Casualty Co., Superior Court, J.D. of Hartford-New Britain at Hartford, Docket No. 34 05 75 (July 24, 1992, O'Neill, J.), the Court rejected an insured's claimed right to a defense of a lawsuit alleging that he had negligently sexually molested a child. The Court reasoned that in the factual context there presented, any allegation of negligence was "patent nonsense."Id.
In this case, the question whether the alleged conduct of plaintiff Patricia Belch, for which she was sued by her daughter-in-law, was negligent or intentional is an issue of fact which cannot be resolved without a trial of the general issue. While it may fairly be claimed that by any definition, "conspiring . . . to snatch" a child is intentional conduct, not covered by the plaintiffs' homeowner's policy, it may reasonably be contended that at least in certain circumstances, "refusing to return [a] child to [its mother] in spite of lawful court orders" might constitute negligence. Because these questions go to the "motive, intent and subjective feelings" of the plaintiff at the time of the alleged conduct for which she seeks coverage and a defense, CT Page 12311 they present issues which are "peculiarly inappropriate" for summary judgment. Nolan v. Borkowski, 206 Conn. 495, 505
(1988).
For all of the foregoing reasons, both the defendant's Motion for Summary Judgment and the plaintiff's Cross-Motion for Summary Judgment are hereby denied.
Michael R. Sheldon, J.