[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought this Motion for Summary Judgment dated March 24, 2000 to obtain a judgment against the defendant for breach of a lease between the two parties. Plaintiff (hereinafter "Centennial Mall") entered into a seven year lease with the defendant (hereinafter "Railroad Stores") on or about May 25, 1994 with the rent commencement date July 1, 1994, for premises located at the Centennial Plaza Shopping Center in Meriden, Connecticut. Railroad Stores claims that the lease was immediately assigned to its affiliate, Railroad Salvage of Conn., Inc. (hereinafter "Railroad Salvage"). Defendant further claims that Railroad Stores, therefore, is not liable under the terms of the lease because of the assignment to Railroad Salvage. Plaintiff admits for the purposes of this motion that an assignment was made by Railroad Stores to Railroad Salvage, even though it was done without the written consent of the plaintiff.[1] Defendant claims that this amounted to a novation so that the lease was then between Railroad Salvage and the plaintiff as opposed to Railroad Stores and the plaintiff.
STANDARD OF REVIEW:
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital,192 Conn. 451, 455 (1984); Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffev. New York, New Haven and H.R. Company, 160 Conn. 482, 488 (1971). The test has been said as one "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. [T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v. Gray,26 Conn. App. 293, 296-97 (1991). CT Page 7724
ISSUES:
The court finds that there is no disputed material issue of fact in this case and that the plaintiff is entitled to judgment as a matter of law.
The interpretation of a contract is an issue of law to be decided by the court. O'Brien v. United States Fidelity Guaranty Co., 235 Conn. 837,842 (1996) "It is the function of the court to construe the provisions of the contract of insurance. . . . If the words in the policy are plain and unambiguous the established rules for the construction of contracts apply; the language from which the intention of the parties is to be deduced must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties".
The subject lease, is, in effect, a contract, and on its face it is clear that the original tenant, Railroad Stores, is not relieved of its obligations under the lease by its assignment to Railroad Salvage.
A review of pages 14-15 of the subject lease, which is attached hereto as Schedule A, is instructive.
"Section 8.1 Assignment or Sublet
 (a) Tenant shall not transfer or assign its interest in this Lease or sublet the Demised Premises without Landlord's prior written consent, which consent will not be unreasonably withheld. . . . No assignment or subletting shall relieve Tenant of any obligations set forth in this Lease." (Emphasis added). The Tenant in this lease is Railroad Stores.
 Section 8.1 (b) provides as follows:
 No transfer, assignment or subletting shall be effective unless and until:
(1) Tenant gives notice thereof to Landlord, and
 (ii) the transferee, assignee or sublessee shall deliver to Landlord:
 (x) A written agreement in the form and substance satisfactory to Landlord pursuant to which the CT Page 7725 transferee, assignee or sublessee assumes (in the case of an assignment) or agrees to abide by (in the case of a sublease) all of the obligations and liabilities of Tenant under this Lease, and
 (y) a copy of the agreement, assignment or sublease."
Defendant cites subparagraph (e) which states in pertinent part:
 "Notwithstanding the provisions of Section 8.1(a), there shall be no restriction against Tenant's assignment of this Lease to the parent corporation of Tenant, or an affiliate or subsidiary of Tenant, so long as such assignee shall remain under common control with Tenant."
For the purposes of this motion, despite the fact that subsection (b) was not fulfilled, the plaintiff is willing to concede, for this motion, that an assignment was in fact made. However, there is nothing in the lease or any other document that relieves the Tenant of any obligations set forth in the lease. Subsection (e) merely refers to "no restriction against Tenant's assignment of this Lease". Therefore, subparagraph (e) and subparagraph (b) even though there has been no compliance with the latter, speaks only to the right to assign the lease. However, there isno language or any evidence presented in affidavits or by any other meansthat the following language in Paragraph 8.1(a) is not operative:
 "No assignment or subletting shall relieve Tenant of any obligation set forth in this Lease." Emphasis added.
Whether there is a novation as to the assignment, as the defendant claims, the original Tenant, Railroad Stores, remains and has remained obligated under the terms of this lease.
The novation is consistent with an assignment. However, what is lacking is any affirmative language that releases Railroad Stores from its obligations under the lease.[2]
Further, defendant has not claimed and there is no evidence of any consideration from Railroad Stores to the plaintiff for a release of Railroad Stores' obligations under the lease. Neither a novation consistent with the assignment nor the assignment itself is sufficient to release Railroad Stores from its obligations under the lease. As a result of the assignment, there may be two obligors under the lease, but CT Page 7726 certainly, Railroad Stores is one of them. It is true that the last sentence of paragraph 8.1(e) at the top of page 15 does not make any sense because of its referral to Section 8.2(b). However, this error is irrelevant because the language has to do only with the assignment and does not affect Railroad Store's continuing obligation under the lease as described in Paragraph 8.1(a).
Railroad Store's obligations under the lease is similar to an assignment and assumption of a mortgage. Unless there is specific language releasing the mortgagor, the mortgagor continues to be liable to the lender.
The lease is clear on its face that the original Tenant, Railroad Stores, remains liable under the Lease. There is no dispute as to the language of the Lease. Accordingly, there is no genuine material fact in dispute, and the plaintiff is entitled to judgment as a matter of law.
The plaintiff's motion for summary judgment is granted as to liability only. As for damages, the motion for summary judgment is denied. Damages should be considered at a Hearing in Damages.
Rittenband, JTR
 Exhibit A Article 8 Transfer of Interest, Priority of Lien. Section 8.1 Assignment or Sublet.
(a) Tenant shall not transfer or assign its interest in this Lease or sublet the Demised Premises without Landlord's prior written consent, which consent will not be unreasonably withheld. Any attempted transfer, assignment or subletting shall be void and confer no rights upon any third person. No assignment or subletting shall relieve Tenant of any obligations set forth in this Lease. Landlord's consent to any transfer, assignment or subletting shall not be deemed to be a waiver on the part of landlord of any prohibition against any future transfer, assignment or subletting. Notwithstanding the foregoing, tenant say allow see and occupancy of up to 30,000 square feet of space in the Demised Premises by concessionaires of Tenant without first obtaining Landlord's consent, provided same do not violate any use restrictions set forth in this Lease.
(b) No transfer, assignment or subletting shall be effective unless and until: CT Page 7727
(i) tenant gives notice thereof to Landlord, and
(ii) the transferee, assignee or sublessee shall deliver to Landlord:
 (x) a written assignment is the form and substance satisfactory to Landlord pursuant to which the transferee, assignee or sublessee assumes (in the case of an assignment) or agrees to abide by the (in case of a sublessee) all of the obligations and liabilities of Tenant under this Lease, and
(y) a copy of the agreement, assignment or sublease.
(c) In the event that Tenant shall desire Landlord's Consent to the subletting of the Demised Premises or the assignment of Tenant's Lease. Tenant shall give Landlord one (1) months prior written notice. Tenant's notice shall be deemed to be an offer by Tenant to Landlord to terminate this Lease with respect to the space specified in Tenant's offer. In the event Landlord wishes to accept the offer, Landlord shall give Tenant notice of its acceptance to Tenant within one (1) month period ("Landlord's Notice"). In which event this Lease shall terminate with respect to the space specified in Tenant's offer, effective on the date specified in Landlord's Notice, which date shall be thirty (30) days after the date of Landlord's Notice. — Tenant shall vacate the Premises and surrender the Demised Premises in accordance with subsection 6.2(b) on or before the effective date of the termination. The sending of Landlord's Notice shall, without the necessity of any further act or instrument, be sufficient to effectuate the termination. However, if Landlord shall request, Tenant shall execute any documents Landlord may reasonable request to confirm the termination. Tenant hereby irrevocably appoints Landlord as its attorney-in-fact with full power and authority to execute any documents to confirm the termination for and in the name of Tenant. In the event that Landlord does not except time offer within the one month period. Landlord's right to recapture the Demised Premises shall be deemed to be waived. Nothing contained in this Lease shall be deemed to be a consent by Landlord to any subletting or assignment unless Landlord delivers so Tenant its written consent. Notwithstanding Landlord's consent to any assignment or subletting. Landlord's right to recapture shall apply to any further subletting or assignment.
(d) Notwithstanding anything to the contrary. Landlord reserves the right to require any assignee, sublessee or transferee of the Tenant's Interest in this Lease or of the Demised Premises to deposit with Landlord a security deposit or an additional security deposit which in Landlord's sole discretion, shall not exceed three (3) months Minimum Rent. CT Page 7728
(e) Notwithstanding the provisions of Section 8.1(a), there shall be no restrictions against Tenant's assignment of this Lease to the parent corporation of Tenant, or an affiliate or subsidiary of Tenant, so long as such assignee shall remain under common control with Tenant. Tenant may assign this Lease without the consent of Landlord to a corporation into which Tenant is merged or consolidated, or in connection with the sale of all or substantially all of the assets of Tenant or its parent, or in connection with a sale or all of the shares of stock of Tenant or its parent, so long as the successor entity has a liquidity and net worth equal to that of Tenant on the date of this Lease. Within ten (10) days after the date of this Lease, and prior to any assignment whereby Tenant is merged or consolidated into a new entity, Tenant shall provide Landlord with all financial information relative to these liquidity and not worth requirements, as Landlord my request. No violation of Section 8.1 shall be deemed to have occurred if Tenant or its parent offers its shares to the general public in a public offering. However, in all of the above circumstances the assignment shall not be effective against Landlord if Tenant and such assignee fail to meet the requirements of Section 8.2(b).
Section 8.2. Master Lease.
(a)(1) "Master Lease" means a lease of the Demised Premises or the Shopping Center, as the case may be, or a lease of the ground underlying the Demised Premises or the Shopping Center, between the owner thereof, lessor, and Landlord, as lessee, giving rise to Landlord's rights and privileges in the Demised Premises, the Shopping Center or the underlying land.
(ii) "Master Lessor" means the owner of the lessor's interest under the Master Lease.
(b) Tenant acknowledges that it has been informed that:
(i) Landlord might not be, now or in the future, the owner of a fee interest in the Demised Premises or the Shopping Center or of the ground underlying the Demised Premises or the Shopping Center; and
(ii) If Landlord is not the owner of the fee interest, Landlord will be the owner (subject to certain encumbrances) of a fee interest or leasehold interest in the Demised Premises, the Shopping Center or underlying ground.
Section 8.3 Transfer of Landlord's Interest.
(a) Fee Interest: The following language shall apply if the Landlord's CT Page 7729 interest in the Demised Premises is a fee interest: The term "Landlord" as used in this Lease means only the owner for the time being or the Mortgagee in possession for the time being of the Demised Premises. In the event of any sale or sales of the Demised Premises, or in the event the Demised Premises are leased to any person (subject to this Lease). Landlord shall thereafter be entirely freed and relieved of all of its covenants, obligations and liability thereafter accruing under this Lease, except to defend this Lease against the claims of any transferee of ownership of the Demised Premises that such transfer cancelled orotherwise limited or affected this Lease and except that Landlord shall remain liable for any claim or Tenant arising prior to the data of such transfer. This subsection shall be applicable to each owner of the Demised Premises and shall not be limited to the first owner of the Demised Premises.
(b) Leasehold Interest: The following language shall apply if the Landlord's interest in the Demised Premises is a leasehold interest: The term "Landlord" as used in this Lease means only the owner for the time being of the Leasehold estate demised by the Master Lease. In the event of any transfer or assignment of Landlord's interest in the Master Lease, then the Landlord whose interest is thus assigned or transferred shall thereafter be entirely freed and relieved of all covenants, obligations and liability of Landlord thereafter accruing under this Lease, except to defend this Lease against the claims of any transferee of ownership of the Demised Premises that such transfer cancelled or otherwise limited or affected this Lease and except that Landlord shall remain liable for any claim of Tenant arising prior to the date of such transfer. In the event the owner of the leasehold estate demised by the Master Lease shall acquire the fee interest in the premises demised by the Master Lease, subsection 8.3(a) shall be applicable. This subsection shall be applicable to each person who owns a leasehold estate demised by a Master Lease.
Section 8.4 Attorment.
(a) If the Demised Premises or the Shopping Center are encumbered by a Mortgage and the Mortgage is foreclosed, or if the Demised Premises or Shopping Center] are sold pursuant to a foreclosure or by reason of a default under a Mortgage, then recognizes the rights of Tenant under this Lease:
(i) Tenant shall not disaffirm this Lease or any of its obligations contained in this Lease, and
(ii) at the request of the applicable Mortgages or purchases at the foreclosure or sale. Tenant shall attorn to the Mortgagee or purchaser CT Page 7730 and execute a new Lease for the Demised Premises setting forth all of the provisions of this Lease except that the term of the new lease shall be for this balance of the Term.