[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiff has brought this action against the City of Hartford alleging CT Page 11997 that police officers entered the plaintiff's home at 280 Sargeant Street, Hartford, Connecticut, on September 24, 1996 to effectuate a court order. Plaintiff claims, inter-alia, that the officers, employed by the City of Hartford, used threatening words and gestures to the plaintiff which were unprivileged, wilful, malicious and made with the intent to cause plaintiff severe mental pain and distress. Plaintiff also alleges that she suffered a fall on the stairs of her house as a result of the officers' conduct and sustained an injury to her back. The revised complaint dated June 1, 1999 contains allegations in the first count of intentional infliction of emotional distress and in the second count claiming negligent infliction of emotional distress.
Defendant has filed this Motion for Summary Judgment alleging that the plaintiff failed to sue any of the individual officers thereby precluding the plaintiff from relying on C.G.S. Section 7-465 an indemnification statute on the basis that if there is no judgment against the individual officers, there will be nothing or no one to indemnify. Secondly, the defendant claims governmental immunity for discretionary acts as set forth in C.G.S. Section 52-557n.
STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital,192 Conn. 451, 455 (1984); Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffev. New York. New Haven and H.R. Company, 160 Conn. 482, 488 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368 (2000). "[T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v. Gray, 26 Conn. App. 293, 296-97 (1991)
FINDINGS
 1. Failure to sue individual officers
It is true that the plaintiff has failed to sue individual officers and CT Page 11998 would not be entitled to a judgment as a result of C.G.S. Section 7-465. However, assuming there is no governmental immunity in this case, the city would be liable under C.G.S. Section 52-557n without suit being brought against the officers since the latter statute is not an indemnification statute. C.G.S. Section 52-557n provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; . . ." This establishes the statutory liability. Therefore, there is no need to sue the individual officers.
2. Governmental immunity for discretionary acts
The same section, C.G.S. 52-557n also provides as follows: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer, or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." This part of the statute would appear to provide immunity to the defendant. However, the plaintiff has cited Evon v. Andrews, 211 Conn. 501,505 (1989). This case is applicable since it was decided subsequent to the adoption of C.G.S. Section 52-557n which was as a result of Public Act 86-338. Evon v. Andrews, supra, provided three exceptions to governmental immunity. The first is ". . . where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . .; and third, where the alleged acts involve malice, wantonness, or intent to injure, rather than negligence . . ." Both of these exceptions appear to apply to the case at bar. Although the first exception uses language as to failure to act, it would certainly include the acts of the officers. Unlike the factual situation in Evon v. Andrews, supra, the plaintiff in the case at bar was certainly an identifiable person, and she was likely to be subjected to imminent harm if the officers conducted themselves as claimed. Secondly the third exception is met by the allegations in the first count set forth in paragraph 4 in which the claim is that the officers conduct and threats were ". . . wilful, malicious, and made with the intent to cause plaintiff severe mental pain and distress". Notwithstanding the provisions of C.G.S. Section 52-557n exempting municipalities where there is malice or wilful misconduct, Evon v.Andrews, supra, contains an exception to municipal immunity as described. The plaintiff has stated a cause of action in her allegations under either or both of the two exceptions cited in Evon v. Andrews,
supra. The Court is required to view the motion in a manner most CT Page 11999 favorable to the non moving party. Whether the actions of the officers were likely to subject the plaintiff to imminent harm and whether the acts involved malice, wantonness, or intent to injure are questions of fact for the trier of fact.
For the foregoing reasons, the defendant's Motion for Summary Judgment is denied.
Rittenband, JTR