[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY CITY OF HARTFORD
This case stems from a complaint filed by the plaintiff against Sandra E. Little-Folkes ("Little"), for violation of her civil rights under42 U.S.C. § 1983. At the time of the actions forming the basis of the suit in US District Court of Connecticut both the plaintiff and Little were employees of the City of Hartford. The federal jury awarded no compensatory damages, $10 in nominal damages and $150,000 in punitive damages, which was subsequently reduced to $7,500. Little subsequently died and is represented herein by Henry Winiarski. Administrator of her Estate. Said estate did not pay the judgment, and the plaintiff instituted this action under CGS Sec. 7-101a which is essentially an indemnification statute. The defendant, City of Hartford ("city") has moved for summary judgment claiming, inter-alia, that the plaintiff lacks standing to bring a claim under CGS Sec. 7-101a, that said Sec. 7-101a
excludes indemnification for malicious acts, and that the plaintiff is barred by a two year statute of limitations beginning at the time of the incident on or before June 5, 1992 and is barred by failing to provide a notice of her claim to the City of Hartford within six months of June 5, 1992. It is undisputed that no notice was given. There are no disputed issues of fact, and the parties agree that the motion for summary judgment should be decided on the basis of issues of law.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is CT Page 1830-cx entitled to judgment as a matter of law. Burns v. Hartford Hospital,192 Conn. 451, 455 (1984); Bartha v. Waterbury House Wreckinq Co.,190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a. genuine issue of material fact. Plouffev. New York, New Haven and H.R. Company, 160 Conn. 482, 488 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368 (2000). "[T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v. Gray, 26 Conn. App. 293, 296-97 (1991).
 ISSUES
The City has made three claims of law under its motion for summary judgment. The first is that a third party has no standing to sue for indemnification under CGS Sec. 7-101a.[1] The plaintiff has brought this action under said section. The rules of statutory construction[2]
clearly state that when a statute is not ambiguous, it should be interpreted and followed by the Court as it is set forth, and no other meaning should be given to it. Under said (section (a)) a municipal employee, in this case, Little, is to be indemnified from "financial loss and expense, including legal fees and costs, if any, arising out of any of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties." A judgment in federal court was entered against Little for infringement of the plaintiff's civil rights. This section 7-101a is limited to providing reimbursement to Little for any financial loss and expense, etc., as a result of said judgment. It does not create a direct cause of action by the person whose civil rights were infringed, in this case, the plaintiff. Plaintiff has claimed that this section does not prohibit a direct action by a third party such as the plaintiff. However, the statute does not authorize such an action by a third party but only authorizes reimbursement by the city of Little against whom a judgment was entered. Since the statute is clear on its face, there is no need to look at the legislative history. Plaintiff has provided the legislative history, the Court has reviewed it and does not find from the legislative history that the intent of the legislature was to allow third parties to bring suit against a municipality in this situation. This may seem unfair CT Page 1830-cz or illogical, but it is the province of the Legislature to deal with this problem, and it is not for the Court to legislate. There is a provision in the Connecticut statutes that if a plaintiff obtains a judgment against an insured defendant, and the insurance carrier for the defendant does not pay the judgment, a direct action may be brought by the plaintiff against the insurance carrier. However, there is no provision similar to that as concerns CGS Sec. 7-101a.[3] Accordingly, the Court finds that the plaintiff does not have standing to bring this action.
2. The City also claims that excluded from indemnification is the reimbursement of any municipal employee who committed a malicious, wanton or wilful act, and that the municipality shall not be held liable to reimburse such municipal employee. The judgment in federal court for the plaintiff was on the basis of malicious acts of the defendant, Little. The jury awarded nominal damages and punitive damages, and the Court subsequently ordered attorney's fees to be paid by the defendant, Little, to the plaintiff. It is abundantly clear from the Court's charge to the jury in the federal case that in the event the jury found the acts of the defendant, Little, to have been malicious, the jury could award punitive damages. That is exactly what the jury did. Plaintiff claims that the granting of attorney's fees by the federal court was not necessarily based upon the malicious acts. The Court is not persuaded. The judgment against Little was for malicious acts, and the award of attorney's fees was based upon the judgment. The award of attorney's fees stems from the judgment, and since the original judgment, prior to the award of attorney's fees, was based on malicious acts, CGS Sec. 7-101a does not apply in this case.
3. The third claim of the City is that the plaintiff's action in the instant case is barred by the statute of limitations because Sec. (d) of Sec. 7-101a provides for a two year statute of limitations after the cause of action therefor arose and provides for a limitation of six months for a notice to the municipality of the plaintiff's intention to commence a legal action and cite when and the place where the damages were incurred. The said section goes on to state that the six month limitation is "after such cause of action has accrued." It is undisputed that the case at bar was brought more than two years after June 5, 1992 which is the latest date for the civil rights violation, and there is no dispute that notice was not given to the municipality. The plaintiff appears to claim that the cause of action did not arise until the imposition of the attorney's fees. The notice that was given to the City was dated June 7, 2000 claiming indemnification for an award of attorney's fees which award was in the supplemental judgment entered March 6, 2000 in the United States District Court. If March 6, 2000 is CT Page 1830-da the date that the cause of action accrued, then the plaintiff did file notice within six months and did bring suit within the two year statute of limitations. However, this Court disagrees with the plaintiff's argument. The purpose of CGS Sec. 7-101a is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability. The original cause of action on which the award of attorney's fees is based arose no later than June 5, 1992. It is within the following six months that the municipality should be able to make its investigation and not have to wait until the award of attorney's fees approximately eight years later. "The municipality's liability in indemnity actions is derivative e.g. Kostyal v. Cass, 163 Conn. 92, 97. Therefore, the derivative suit is based on the original cause of action in the original suit. . . . and as a consequence notice was not given within the required six months." Cooney v. Montes, CV90-0372152, 1992 WL 120335 at *4, 1992 LEXIS 1481 at *11 (Conn.Super.Ct. May 18, 1992, O'Neill, J.). "N[o] matter who brings the Sec. 7-101a suit, notice must be given to the municipality within the six month period. As long as a party is proceeding under Sec. 7-101a the notice requirement of (d) must be met. This is the strict reading of the statute which is required here. This Court realizes that this ruling may put the municipal employee in the burdensome position of not being able to bring an indemnification suit because he was not sued until after six months had passed from the cause of action." Cooney v. Montes, supra. Cooney v. Montes was admittedly an automobile accident case. However, the Court agrees with the reasoning of Judge O'Neill in that case and, therefore, finds that notice was not given to the municipality by the plaintiff within six months of the original cause of action of June 5, 1992 nor was suit instituted within two years of said date.
For the foregoing reasons, the City's motion for summary judgment is granted.
Rittenband, JTR