[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] IN MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is an action for a declaratory judgment in which the plaintiff is seeking a judgment that it is not obligated to defend or indemnify defendants, Monserrate Rivera (hereinafter "Rivera") and/or his wife, Aracelis Torres (hereinafter "Torres") under an automobile liability insurance policy issued by the plaintiff to Rivera on or about January 14, 1998, (hereinafter referred to as "policy"). This action arises out of an accident that took place on or about July 8, 1998 in which one of the automobiles involved was operated by Torres and owned by Rivera which automobile was allegedly insured by the policy. The plaintiff claims that the policy does not apply to the subject accident because the operator of the motor vehicle, Torres, was an excluded driver under the terms of an endorsement to the policy. The defendant, Allstate Insurance Co. (hereinafter "Allstate") claims that the endorsement is not valid, and, therefore, the plaintiff should be required to defend and indemnify Rivera and/or Torres as a result of this accident. If the policy does not apply to the accident, the plaintiffs in the underlying action for damages as a result of the accident, Michael Fratianni et al. v. AracelisTorres, Monserrate Rivera, et al., CV 00-05543, Judicial District of New London at New London, which is presently pending are seeking damages against Allstate under their uninsured motorist coverage by Allstate.
The plaintiff and Allstate agree that there are no disputed issues of material fact, and Allstate has filed a cross-motion for summary judgment claiming that the policy does apply to the subject action. The issues are the same in both motions, but since the only motion to appear on the short calendar is plaintiffs motion dated May 1, 2001, the Court will decide that motion only.
 STANDARD OF REVIEW
A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital,192 Conn. 451, 455 (1984); Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983).
A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. Plouffev. New York New Haven and H.R. Company, 160 Conn. 482, 488 (1971). The test has been said as one "in deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the CT Page 13085 nonmoving party. [T]he test is whether a party would be entitled to a directed verdict on the same facts." Cummings and Lockwood v. Gray,26 Conn. App. 293, 296-97 (1991).
 ISSUES
The sole issue before the Court and which was argued by both the plaintiff and Allstate at a short calendar hearing on September 10, 2001 is whether or not the endorsement dated January 14, 1998, a copy of which is attached hereto as Schedule A, is valid. The plaintiff claims that Torres is an excluded through the terms of the endorsement, and, therefore, since she was the driver of the insured vehicle at the time of the accident, the policy does not cover either her or her husband, Rivera, for damages resulting from said accident. Allstate's argument is that the endorsement is not valid because it was not signed by Torres. Counsel agreed at the short calendar hearing that the only signature on the endorsement is that of Rivera and that Torres' name is printed thereon, and the endorsement does not contain her signature. Allstate relies on the language in the endorsement that states: "This form must be signed by the Named Insured and the Excluded Driver(s)." There is no question that the named insured is Rivera.
CGS § 38a-335 (d) provides as follows:
 "With respect to the insured motor vehicle, the coverage afforded under the bodily injury liability and property damage liability provisions in any such policy shall apply to the named insured and relatives residing in his household unless any such person is specifically excluded by endorsement." (Emphasis added).
Section 38a-334-5 of the Regulations of Connecticut State Agencies provides, inter-alia:
 "(c) Exclusions. The insurer's obligation to pay and defend may be made inapplicable: . . . (8) to the operation of a motor vehicle by an individual or individuals specifically named by endorsement accepted by the insured, the form of which has been accepted for filing by the Insurance Commissioner;"
There is nothing in either the statute or the regulations that requires an endorsement to be signed by the excluded driver. Allstate claims that the plaintiff took on the obligation to have the excluded driver's signature on the endorsement by the aforementioned language: "This form CT Page 13086 must be signed by the Named Insured and the Excluded Driver(s)." The Court is not persuaded. The endorsement is part of the contract of insurance and was signed by Rivera on the date of the commencement of the policy. In order for the alleged obligation of the plaintiff to have the signature of the excluded driver on the endorsement to be binding upon the plaintiff, there must be consideration from Rivera to plaintiff. The Court finds no consideration moving to the plaintiff in return for this alleged obligation of the plaintiff. In fact if anything, the obligation would appear to be that of Rivera in order to have the exclusion and the resulting reduced amount of premium.[1] The fact that the plaintiff accepted the endorsement without the signature of the excluded driver does not invalidate the endorsement.
Allstate's reliance on Nationwide Mutual Insurance Company v. ChristinaPasion, 219 Conn. 764 (1991) is misplaced. The issue in that case was whether the signature of all named insureds was required in order to reduce the amount of uninsured motorist coverage. Here, the excluded driver is not a named insured.
 CONCLUSION
There is no genuine issue of material fact in dispute, the endorsement is valid as a matter of law, and, therefore, the policy does not require the plaintiff to defend or indemnify Rivera or Torres for claims arising out of the aforementioned accident which occurred on or about July 8, 1998. The plaintiffs motion for summary judgment dated May 1, 2001 is granted.
Rittenband, JTR
 Schedule A
Named Insured: Monserrate Rivera
Policy Number: 55470258-0
Effective Date: 01/14/98
You have named the following persons as excluded drivers under this policy.
Name of Excluded Driver:
ARACELIS TORRES Date of
Birth: 11/27/68
No coverage is provided for any claim arising from an accident or loss that occurs while a covered vehicle or non-owned vehicle is operated by the excluded driver(s). THIS INCLUDES ANY CLAIM FOR DAMAGES MADE AGAINST YOU, A RELATIVE OR ANY OTHER PERSON OR ORGANIZATION THAT IS VICARIOUSLY LIABLE FOR AN ACCIDENT ARISING OUT OF THE OPERATION OF A COVERED VEHICLE OR NON-OWNED VEHICLE BY THE EXCLUDED DRIVER.
This from must be signed by the Named Insured and the Excluded Driver(s).
This election applies to this policy and all renewals unless revoked by the Named Insured.
Excluded Driver: Aracelis Torres Date: 1/14/98
X Date:
 FULL COMPREHENSIVE WINDOW GLASS COVERAGE ELECTION
If you pay a premium for Full Comprehensive Window Glass Coverage:
You are required under your policy to notify Progressive if window glass on your covered vehicle is damaged so that we are able to inspect and appraise the covered vehicle before its repair or replacement;
If replacement or repair of window glass is completed by a vendor other than one approved by us, we will only pay the amount our approved glass vendor would charge for the replacement or repairs.
X
Date:
Signature of Insured-Applicant
 CALL 1-800-274-4499 BEFORE INITIATING GLASS REPAIRS!!